ALLEN TILLINGHAST *et al vs.* GEORGE E. HARROP *et al.*
NOVEMBER 19, 1937.
PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is a bill in equity to quiet title to certain real estate in the city of Warwick in the possession of the complainants. After a hearing on bill, answer and proof in the superior court, sitting for the county of Kent, the bill was denied and dismissed. The complainants appealed to this court on a number of grounds, claiming, in substance, that they were denied a fair trial by the ruling of the court and that, therefore, the decision is against both the law and the evidence.

The complainants claim title to the property described in the bill as devisees under the will of Alvin Tillinghast.

The respondents are the heirs at law of Martha Tillinghast, wife of Alvin Tillinghast.

For the reasons which will appear later, it is necessary for us to summarize and group the pertinent allegations of the bill as follows. In 1900 Martha Harrop was the sole owner of the property. She had four children: George E. Harrop, Mary Thewlis, Aaron Harrop and Martha Tillinghast, the last named child living with her husband, Alvin Tillinghast, on his farm in Iowa. Martha Harrop, who lived alone, being in need of personal and financial assistance, agreed in that year with Alvin Tillinghast and her daughter, Martha Tillinghast, to convey to them the property in question as joint tenants if they would come to live with her in Rhode Island and support her for the rest of her life. Alvin Tillinghast, relying upon this promise of Martha Harrop, sold his farm in Iowa, came to Rhode Island with his wife, and lived with and supported Martha Harrop until her death on August 27, 1902. Shortly after the Tillinghasts came to this state, Martha Harrop deeded the property to Martha Tillinghast alone and not to Martha Tillinghast and her husband, Alvin, as joint tenants as she had agreed to do. Martha Harrop died intestate, leaving no real or personal estate.

Upon the death of Martha Harrop, the other children claimed an interest as her heirs at law in the real estate, but, on learning of the deed from their mother to their sister Martha and of the conditions under which it was given, they agreed with Martha and her husband, Alvin Tillinghast, that if Alvin would pay all charges against the estate and further pay to each of them the sum of $285.75, they would release to Alvin Tillinghast whatever claim they might have against the real estate. This agreement was carried out and a general release was given by the children of Martha Harrop to Alvin Tillinghast, who was appointed administrator of the estate with their consent.

Following this settlement, Martha Tillinghast agreed with her husband, Alvin, that if he improved the property she would leave him that property by will. In reliance upon

this promise, which was known to his wife's brothers and sisters, Alvin Tillinghast spent some $10,000 in buildings and other improvements on the premises between the time when he made the agreement with his wife and her death on October 17, 1924. Martha Tillinghast died intestate and without issue.

About June 1932, Martha Tillinghast's brother, George E. Harrop, first claimed an interest in the property as an heir at law of his sister Martha. Alvin Tillinghast thereupon consulted an attorney and, acting under his advice, a petition was filed by Alvin Tillinghast with the probate court of Warwick asking that the real estate in question be set off to him in fee simple. Due notice of the pendency of this petition was given to the heirs at law of Martha Tillinghast. No objection being made by them, the petition was granted and a decree was entered by the probate court of Warwick on September 22, 1932, setting off this property to Alvin Tillinghast in fee simple. No appeal was taken from the entry of this decree.

Some time later, Alvin Tillinghast deeded a portion of the property thus set off to him to his nephew, Allen Tillinghast. No objection to this conveyance was made by the heirs at law of Martha Tillinghast while Alvin Tillinghast was alive. Alvin Tillinghast died November 15, 1935, leaving a will which devised the remainder of the property to these complainants. The respondents, as heirs at law of Martha Tillinghast, then brought an action of trespass and ejectment against the complainants, whereupon the complainants filed the present bill.

The prayer of the bill is that the respondents be enjoined temporarily and permanently from prosecuting the action of trespass and ejectment; that they be restrained from interfering or disturbing complainant's possession of the premises; that a decree be entered adjudging that the complainants "are entitled in fee simple to the hereinbefore described premises, under the will of said Alvin Tillinghast"; and that the court grant to the complainants such other and further

relief as equity and justice shall require. The answer of the respondents denies most of the allegations of the bill, admits some, and sets up the claim that the respondents are entitled to the described premises in fee simple as the only heirs at law of Martha Tillinghast.

The trespass and ejectment case is so closely interwoven with the instant case as to require a summary statement of the proceedings in the superior court in respect to both cases. The action of trespass and ejectment was assigned for trial on June 5, 1936. This bill of complaint was filed on June 2, 1936 and a subpoena was issued and returnable June 16, 1936. There was no *ex parte* restraining order. When the trespass and ejectment case was called for trial, counsel for the complainants called the court's attention to this bill and requested that the law action be continued until the rights of the parties were determined in equity. The court denied this request and the trespass and ejectment case proceeded to trial before a jury. At the conclusion of the testimony, the trial justice directed a verdict for the plaintiffs in that action. This case was recently reviewed by us in *Harrop et al.* v. *Tillinghast et al.*, 59 R. I. 255.

The instant cause came on for hearing on July 1, 1936, before the same justice who presided at the trial of the trespass and ejectment case. An examination of the transcript does not show that the trial justice made any findings of fact or gave any decision at the conclusion of the testimony, although the clerk's entry of July 1, 1936, on the jacket of the case, states that "the bill of complaint is denied and dismissed." A decree to this effect was entered July 2, 1936.

The cause before us presents an unusual and regrettable situation. Without assistance from the trial justice, by way of rescript or findings of fact, we are confronted with a transcript which is so incomplete and incohesive, both as to fact and law, as to be almost valueless. It is apparent to us from a close examination of this transcript that the trial justice,

in dealing with the complicated issues presented by this bill, was unduly influenced by the result in the trespass and ejectment case to the prejudice of these complainants. We further find that his rulings in respect to the admission in evidence of statements of deceased persons affecting the property in question were inconsistent, showing a reluctance on his part to receive or give any weight to such statements, even though they are made admissible in evidence under certain restrictions by virtue of public laws, 1927, chap. 1048. See *Paulson* v. *Paulson,* 50 R. I. 86; *Caswell* v. *Bathrick,* 53 R. I. 114; *Bradley* v. *Quinn, C. T.,* 53 R. I. 108; *Bradley* v. *Quinn, C. T.,* 53 R. I. 349; *Kopinos* v. *Sommer's Transfer Co., Inc.,* 54 R. I. 132.

The allegations of the bill in the case at bar raise a number of difficult issues which can be properly determined only upon a full presentation of all the facts and circumstances connected with the events to which they refer. In deciding these issues serious questions may well arise involving perhaps, among others, the law of evidence, contracts, advancement, trusts, estoppel and laches. Our consideration of this case leads us to the conclusion that the issues raised by the bill were not judicially met and determined.

It is unusual to remand an equity case to the superior court for a new trial. However, this court will do so whenever it appears to the court that justice requires such action. *Turner* v. *McManus,* 38 R. I. 35. See also *Shepard* v. *Springfield Fire & Marine Ins. Co.,* 42 R. I. 174 at 182. As the record in the instant cause precludes us from exercising any judgment of our own on the merits of the present bill, justice demands that we remand the cause to the superior court for a new trial.

In view of our conclusion, the respondents are hereby restrained, in accordance with the prayer of the bill and until further order of the superior court, from taking any other and further proceeding in the trespass and ejectment case herein mentioned.

The complainants' appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for retrial.

*Emile H. Ruch, Charles B. Coppen,* for complainants.
*Patrick H. Quinn, Quinn, Kernan & Quinn, Philip B. Goldberg, Leo M. Goldberg,* for respondents.