RHODE ISLAND HOSPITAL TRUST COMPANY *vs.* BRIDGET GILLENEY, *et al., Admx.*

JUNE 3, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, J.J.

24

BAKER, J. This is a bill of interpleader brought by the complainant to have determined to whom the proceeds of a joint bank account in its possession rightfully belong. A decree of interpleader was entered by the superior court directing the two respondents, each of whom claimed the funds in the account in question, to interplead. The respondents filed their respective answers, and after a hearing of the cause in the superior court a justice thereof entered a decree which awarded the account involved to the respondent Gilleney as her sole and absolute property. The respondent Clarke thereupon claimed an appeal to this court from the entry of such decree, which appeal is now before us.

The record herein reveals that at the conclusion of the evidence offered on behalf of the respondent Clarke the respondent Gilleney, without formally closing her case,

without stating that she had no evidence to present, or that she rested on the record as then made, moved that the trial justice give a decision to the effect that she was the sole owner of the account in question. After argument, the trial justice, without requiring the respondent Gilleney to close her case, or to rest on the record, and without inquiring as to whether or not she had any evidence to submit, granted her motion, stating substantially that the respondent Clarke had not made out a *prima facie* case showing that the account was not a proper joint account and should not pass to the survivor.

It is clear that the trial justice viewed the motion made by the respondent Gilleney as analogous to or in the nature of a motion for a nonsuit with respect to the claim of the respondent Clarke. In this he was in error. There is no such practice in a proceeding in equity, especially when a cause is being heard finally on its merits. The parties in that instance should present all the evidence they are able or desire to present, or else definitely submit the case for final disposition on the evidence which has been introduced, in order that the record may be complete when the trial justice makes his decision and enters his decree, and when the cause comes to this court on appeal.

It was evident at the hearing in this court that the parties did not desire to rest upon the present record. The respondent Clarke was seeking a retrial of the cause. The respondent Gilleney argued that the question before us was, in the first instance, one of practice and procedure, and that if our decision should be adverse to her contention that the trial justice had proceeded properly, then she desired an opportunity to offer further evidence.

The pertinent statutory provisions regarding appeals in equity are found in G. L. 1923, chap. 339, secs. 30, 32 and 33. Sec. 32 is as follows: "Upon any cause being brought by appeal to the supreme court that court shall hear and determine such appeal and affirm, reverse, or modify the

decree or judgment appealed from and make such orders and decrees therein as shall be just." The nature of an appeal in equity generally and under our statutes was fully and carefully considered in *Vaill* v. *McPhail,* 34 R. I. 361. It was there held, in substance, that in the usual case an appeal in equity in this court is not a proceeding *de novo* for a retrial of the cause, but a proceeding to review the errors stated in the appellant's reasons of appeal. Further, under the provisions of the section above quoted, this court customarily and generally makes a final determination of a cause in equity which is heard by it upon an appeal from a decree entered by the superior court. See *Purcell* v. *John Hancock Mutual Life Insurance Co.,* 56 R. I. 93.

It is difficult, if not impossible, for us to carry out our duties under the statute and make such a final disposition of an equity cause when the record therein is incomplete, as here. We have frequently held that we will not consider a case piecemeal. Parties, particularly in an equity cause, should see that their respective cases are closed and the record complete before the cause is brought to this court for our determination. The practice followed in this case is improper and not to be commended. The trial justice, in a proceeding of this nature, should satisfy himself that the parties have no further evidence to offer before he passes upon the merits of the cause. Other courts have taken a similar view on this question. *Pearce* v. *Tharp,* 118 Miss. 107; *Thorworth* v. *Scheets,* 269 Ill. 573.

In *Shepard* v. *Springfield Fire & Marine Insurance Co.,* 42 R. I. 174, this court held that, under the broad provisions of the sections of the statutes above referred to, it had the power to remand an equity cause for a retrial, but that such power would be exercised only in unusual cases. The court, at page 187, stated that the above provisions of the statutes "are such general provisions as confide to our judgment or discretion the correction of error and injustice; but these same provisions do not imply that as

a matter of course it is our duty in equity appeals, except in unusual cases, to allow testimony to be taken in this court, or to remand equity cases for a retrial." See also *Purcell* v. *John Hancock Mutual Life Insurance Co., supra; Tillinghast* v. *Harrop,* 59 R. I. 260, 195 A. 229.

We find in the instant case that, by reason of the fact that the parties had not rested, and of the consequent incompleteness of the record before him, it was error for the trial justice to enter the decree appealed from. It is our opinion, after careful consideration, that we should, in the exercise of our judgment and discretion, remand this cause to the superior court for a further hearing in order to insure substantial justice to the parties. It is our judgment that the record herein presents what may reasonably be considered as an unusual case, the decree being prematurely entered before the evidence was closed, before all the parties had rested, and before the case was apparently completed. It is also our opinion that, if possible, such additional evidence in the case, if any there be, as the parties may desire to present to complete the record herein, should be submitted to the same justice of the superior court before whom the cause has already been heard in part, and that he should then enter a new decree, based upon the evidence already heard by him and such new evidence, if any, as the parties may present. See *Gregory* v. *Pawtucket Mutual Fire Ins. Co.,* 58 R. I. 434, 193 A. 508.

For the reasons above set out, the appeal of the respondent Clarke is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for further hearing and other proceedings in accordance with this opinion.

*Raphael L. Daignault,* for complainant.

*Hart, Gainer & Carr, Edward G. Carr,* for Gilleney.

*William H. Edwards, Ronald B. Smith, Edwards & Angell,* for Clarke, Admx.